IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| MARCUS RAY JOHNSON, | ) |
| Petitioner, | ) ) ) |
| v. | ) CIVIL ACTION NO. 5:15-CV-439(MTT) |
| WARDEN, Georgia Diagnostic and Classification Prison, | ) ) ) ) |
| Respondent. | ) ) |

## ORDER

Petitioner MARCUS RAY JOHNSON filed earlier today a Petition for Writ of Habeas Corpus by a Person in State Custody, purportedly pursuant to 28 U.S.C. § 2241, a Motion for Stay of Execution, and a Motion for Leave to Proceed *In Forma Pauperis*.[1] (Docs. 1-3).

### I.     PROCEDURAL HISTORY

"On March 24, 1994, Johnson raped, murdered, and mutilated Angela Sizemore a few hours after meeting her at a bar in Albany Georgia." *Johnson v. Upton*, 615 F.3d 1318, 1321 (11th Cir. 2010) (citing *Johnson v. State*, 271 Ga. 375, 375-76, 519 S.E.2d 221, 225 (1999)).   On April 5, 1998, he was convicted in the Superior Court of Dougherty County of malice murder, felony murder, aggravated assault, rape, and aggravated battery.   *Johnson*, 271 Ga. at 375 n.1, 519 S.E.2d at 225 n.1.   On April 7, 1998, he was sentenced to death for the murder.   *Id.*   His conviction and sentence were affirmed on appeal.   *Id.* at 375, 519 S.E.2d at 225.

---

[1] For purposes of this dismissal alone, the motion to proceed *in forma pauperis* is **GRANTED**.

After the United States Supreme Court denied his petition for certiorari (*Johnson v. Georgia*, 528 U.S. 1172 (2000)), Johnson filed a state habeas petition in the Superior Court of Butts County, which was denied on January 7, 2004.  (Doc. 1 at 9).  The Georgia Supreme Court denied Johnson's Application for Certificate of Probable Cause to Appeal on July 11, 2005, and the United States Supreme Court denied certiorari on April 3, 2006.  (Doc. 1 at 10); *Johnson v. Terry*, 547 U.S. 1059 (2006).

Johnson filed a 28 U.S.C. § 2254 petition in this Court on June 7, 2006 ("first habeas petition").  *Johnson v. Hall*, 1:06-CV-84 (WLS).  This Court denied relief, and the Eleventh Circuit affirmed on August 23, 2010.  *Johnson*, 1:06-CV-84 (WLS) at Doc. 30; *Johnson v. Upton*, 615 F.3d 1318 (11th Cir. 2010).  The United States Supreme Court denied certiorari on June 20, 2011.  *Johnson v. Upton*, 131 S. Ct. 3041 (2011).

The Superior Court of Dougherty County issued an execution warrant setting Johnson's execution for a window from October 5, 2011 until October 12, 2011.  (Doc. 1 at 11-12).  Johnson then moved for a new trial and a stay of execution in the Superior Court of Dougherty County based on newly discovered biological evidence.  (Doc. 1 at 12).  On October 4, 2011, the court entered a stay and ordered some DNA testing.  (Doc. 1 at 12-13).  After conducting an evidentiary hearing, the court denied relief on April 20, 2015.  (Doc. 1 at 12-13).  Johnson filed an application to appeal the denial of relief and the Georgia Supreme Court denied his application on July 20, 2015.  (Doc. 1 at 13).

The Superior Court of Dougherty County again issued an execution warrant and Johnson is scheduled to be executed later today.  (Doc. 1 at 13-14).  On November 16, 2015, Johnson filed a petition for writ of habeas corpus in the Superior Court of Butts

County. (Doc. 1 at 14). That court denied relief on November 18, 2015. (Doc. 1 at 14). On November 18, 2015, the Georgia Board of Pardons and Paroles denied clemency. (Doc. 1 at 14). Today, the Georgia Supreme Court denied Johnson's Certificate of Probable Cause to Appeal. (Doc. 1 at 14).

## II.   DISCUSSION

This Court is required to "promptly examine" Johnson's petition and dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."[2]

This is the second habeas petition that Johnson has filed in this Court. "Before a second or successive application … is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); *Felker v. Turpin*, 518 U.S. 651, 664 (1996); *In re Hill*, 715 F.3d 284, 290 (11th Cir. 2013). This is a jurisdictional requirement. *Burton v. Stewart*, 127 S. Ct. 793, 796 (2007).

Johnson argues his petition "is brought pursuant to 28 U.S.C. § 2241, *not* 28 U.S.C. § 2254, and does not require pre-approval from the Eleventh Circuit Court of Appeals." (Doc. 1 at 4). This argument has no merit. In his petition, Johnson challenges his state court conviction and sentencing. Thus, his petition is properly construed as a request for relief under 28 U.S.C. § 2254. A petitioner cannot circumvent the Antiterrorism and Effective Death Penalty Act's ("AEDPA") second or successive petition requirement by labeling his habeas petition something other than what it actually is. *Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005) (action labeled as a Rule 60(b) motion

---

[2] R. Governing § 2254 Cases U.S. Dist. Cts. 4. Rule 4 applies regardless of whether Johnson's action is brought under 28 U.S.C. § 2241 or 28 U.S.C. § 2254. R. Governing § 2254 Cases U.S. Dist. Cts. 1(b).

was actually a habeas petition and must "be treated accordingly"); *Spivey v. State Bd. of Pardons & Paroles*, 279 F.3d 1301, 1302 n.1 (11th Cir. 2002) (courts must look past "artfully" labelled filings and apply the limit on second or successive habeas petitions); *Gilreath v. State Bd. of Pardons & Paroles*, 273 F.3d 932, 933 (11th Cir. 2001) (underlying 42 U.S.C. § 1983 action challenging imprisonment is actually a habeas action subject to the restrictions on filing second or successive habeas petitions).

Moreover, even if Johnson's action is properly brought under § 2241, it is still subject to AEDPA's second or successive petition restrictions.  *Thomas v. Crosby*, 371 F.3d 782, 787 (11th Cir. 2004) (holding that "[a] state prisoner cannot evade the procedural requirements of § 2254 by filing something purporting to be a § 2241 petition"); *Medberry v. Crosby*, 351 F.3d 1049, 1061 (11th Cir 2003) (holding that "state prisoners in custody pursuant to the judgment of a state court may file a habeas corpus petition, as authorized by § 2241, but they are limited by § 2254").

Johnson also argues that the Supreme Court's decision in *In re Davis* gives this Court jurisdiction.  557 U.S. 952 (2009); (Doc. 1 at 5).  This argument has even less merit.  Davis, a state habeas petitioner, invoked the Supreme Court's original jurisdiction pursuant to 28 U.S.C. § 2241 and Sup. Ct. R. 20.[3]  *Id.* at 953 (Stevens, J., concurring); *Felker*, 518 U.S. at 660 (holding that AEDPA does not repeal the Supreme Court's "authority to entertain original habeas petitions").  The Supreme Court, according to Justice Stevens, found Davis's "case [was] sufficiently 'exceptional' to warrant utilization of th[at] Court's Rule 20.4(a), 28 U.S.C. § 2241(b), and … original habeas jurisdiction." *Id.* (citing *Byrnes v. Walker*, 371 U.S. 937 (1962); *Chaapel v. Cochran*, 369 U.S. 869

---

[3] The "decision" in *Davis* consists of a short paragraph that simply transfers Davis's petition to the district court for resolution.   Justice Stevens's concurring opinion provides information about the basis for the Court's action.

(1962)).  Relying on 28 U.S.C. § 2241(b)[4], the Supreme Court then "decline[d] to entertain [Davis's] application for a writ of habeas corpus and … transfer[red] the application for hearing and determination to the district court having jurisdiction to entertain it."  *In re Davis*, 557 U.S. at 952.

Johnson argues that "*Davis* … demonstrates that, at least in the extraordinary case of factual innocence, the strict limitations imposed by … AEDPA may not be construed to limit a federal court's authority to entertain the writ under 28 U.S.C. § 2241." (Doc. 1 at 7).  *Davis* does nothing of the sort.  Rather, it simply illustrates that if a case is "sufficiently 'exceptional,'" the Supreme Court may allow a petitioner to invoke its original habeas jurisdiction.  *In re Davis*, 557 U.S. at 953 (Stevens, J., concurring).  Nothing in *Davis* authorizes this Court, on its own, to entertain a successive petition.  At most, it suggests that Johnson may file his habeas petition with the United States Supreme Court pursuant to 28 U.S.C. § 2241 and Sup. Ct. R. 20.

In short, this Court does not have subject matter jurisdiction over Johnson's second habeas petition because he has not received an order from the Eleventh Circuit Court of Appeals authorizing this Court to consider the petition.  For this reason, this case is **DISMISSED**.[5]

---

[4] 28 U.S.C. § 2241(b) gives "the Supreme Court, any justice thereof, and any circuit judge" the authority to transfer a habeas petition for hearing and determination to the appropriate district court.

[5] A prisoner seeking to appeal a district court's final order denying his petition for writ of habeas corpus has no absolute entitlement to appeal but must obtain a Certificate of Appealability ("COA").  28 U.S.C. § 2253(c)(1)(A); *Tompkins v. Sec'y, Dep't of Corr.*, 557 F.3d 1257, 1259 (11th Cir. 2009) (stating that district court properly denied a COA when reasonable jurists could not disagree that a petition was second or successive).  As amended effective December 1, 2009, R. Governing § 2245 Cases U.S. Dist. Cts. 11(a) provides that "[t]he district court must issue or deny a [COA] when it enters a final order adverse to the applicant," and if a COA is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  The Court can issue a COA only if the petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To merit a COA, the Court must determine "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citations

Johnson moves the Court to "stay his execution pending resolution of the[se] proceedings." (Doc. 3 at 2). Having determined that the Court does not have jurisdiction over Johnson's second habeas petition, the Court **DENIES** his Motion for Stay of Execution.

**SO ORDERED**, this 19th day November, 2015.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

omitted). If a procedural ruling is involved, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Johnson has not met this standard and the Court, therefore, does not issue a COA.